# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

MATTHEW DUSTIN ABREGO,      )
     )
     **Petitioner,**      )
     )
v.      )      **Case No. 11-CV-0195-CVE-TLW**
     )
JAMES RUDEK, Warden,      )
     )
     **Respondent.**      )

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner, a state inmate appearing *pro se*,

filed his petition (Dkt. # 1) on April 4, 2011.  In response to the petition, Respondent filed a motion

to dismiss (Dkt. # 5), alleging that the petition contains an unexhausted claim. Petitioner did not file

a response to the motion to dismiss.  For the reasons discussed below, the Court finds the petition

is a "mixed petition," subject to dismissal without prejudice for failure to exhaust state remedies.

However, the Court finds Petitioner should be afforded the opportunity to file an amended petition

containing only his exhausted claims and deleting his unexhausted claims.

## *BACKGROUND*

The record reflects that Petitioner was convicted by a jury of Second Degree Murder, After

Prior Conviction of Two or More Felonies, in Tulsa County District Court, Case No. CF-2007-4036.

On October 27, 2008, the trial court sentenced Petitioner in accordance with the jury's

recommendation to life imprisonment and a $10,000 fine.   Petitioner was represented at trial by

attorney Kevin Adams.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA").

On direct appeal, Petitioner, represented by attorney Sandra Mulhair Cinnamon, raised the following

seven (7) propositions of error:

| | |
|---|---|
| Proposition I: | The evidence was insufficient to prove beyond a reasonable doubt that Mr. Abrego committed the crime of Second Degree Murder. |
| Proposition II: | Mr. Abrego was denied due process of law by the State's intentional use of perjured testimony. |
| Proposition III: | The admission of irrelevant, and highly prejudicial evidence deprived Mr. Abrego of his rights to a fair trial under the Fourteenth Amendment to the United States Constitution and Article II, §§ 7 and 9 of the Oklahoma Constitution. |
| | A. Evidence of the fight between Mr. Abrego and Mr. Watson. |
| | B. The trial court erred in admitting Erin MacKool's testimony that Mr. Abrego pointed a gun at her. |
| | C. Conclusion. |
| Proposition IV: | The introduction of irrelevant and highly prejudicial photographs deprived Mr. Abrego of a fair trial. |
| Proposition V: | The improper tactics and arguments of the prosecutor deprived Mr. Abrego of a fair trial in violation of the Eighth and Fourteenth Amendments of the United States Constitution and Article II, §§ 7 and 9 of the Oklahoma Constitution. |
| Proposition VI: | Mr. Abrego received ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution and Article 2, Section 20 of the Oklahoma Constitution. |
| Proposition VII: | The accumulation of error in this case deprived Appellant of due process of law and necessitates reversal pursuant to the Fourteenth Amendment to the United States Constitution and Article II, § 7 of the Oklahoma Constitution. |

See Dkt. # 6, Ex. 1. In an unpublished Summary Opinion filed April 8, 2010, in Case No. F-2008-1073, the OCCA affirmed Petitioner's Judgment and Sentence. See Dkt. # 6, Ex. 2. Nothing before the Court indicates Petitioner sought *certiorari* review in the United States Supreme Court or post-conviction relief in the state courts.

Petitioner commenced this habeas corpus action on April 4, 2011. See Dkt. # 1. In his petition, he identifies his grounds for relief, as follows:

2

Ground One:        Mr. Abrego was denied due process by the use of perjured testimony.

Ground Two:        Improper tactics and arguments by prosecutor deprived Mr. Abrego of a fair trial.

Ground Three:      The introduction of irrelevant and prejudicial photographs deprived Mr. Abrego of a fair trial.

Ground Four:       Ineffective assistance of counsel, thereby denying Mr. Abrego his right to a fair trial and violating his 6th Amendment rights.

Ground Five:       Insufficient evidence to prove beyond a reasonable doubt that Mr. Abrego was guilty of 2nd degree murder.

See Dkt. # 1.  In the motion to dismiss for failure to exhaust state remedies, Respondent states that the specific instances of prosecutorial misconduct identified by Petitioner in ground two of his petition were not raised on direct appeal.  In addition, Respondent states that the specific instances of ineffective assistance of trial counsel identified by Petitioner in ground four of his petition were not raised on direct appeal.  Therefore,  Respondent argues that those claims are unexhausted.  Because Petitioner has not filed an application for post-conviction relief, Respondent contends he has an available remedy for his unexhausted claims.

*ANALYSIS*

The United States Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."  Coleman v. Thompson, 501 U.S. 722, 731 (1991).  To exhaust a claim, Petitioner must have "fairly presented" that specific claim to the state's highest court.  See Picard v. Conner, 404 U.S. 270, 275-76 (1971).  A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The exhaustion requirement is based

3

on the doctrine of comity. Rose v. Lundy, 455 U.S. 509, 518-19 (1982). Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). To satisfy the exhaustion requirement, a prisoner must afford the state court the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim," Picard, 404 U.S. at 277 (quotation omitted; brackets in original), which entails presentation both of the facts on which he bases his claim and the constitutional claim itself. Wilson v. Workman, 577 F.3d 1284, 1292 (10th Cir. 2009) (citations omitted).

In the motion to dismiss for failure to exhaust state court remedies, Respondent asserts that Petitioner's claims of prosecutorial misconduct and three (3) of his claims of ineffective assistance of trial counsel are unexhausted. The Court agrees. Petitioner's claims of prosecutorial misconduct and three of the four claims of ineffective assistance of counsel as raised in the petition have not been fairly presented to the OCCA since the facts giving rise to the claims were not presented on direct appeal. In ground two of his habeas petition, Petitioner claims that the prosecutor improperly argued that Petitioner stomped on the victim's head with motorcycle boots and "dramatized the statement with aggressive foot stomping at the jury." See Dkt. # 1. Petitioner also complains that the prosecutor "pointed his finger across the courtroom at [Petitioner] and said, 'You are despicable, sir!" Id. Those alleged instances of prosecutorial misconduct were not raised in Proposition V on direct appeal. See Dkt. # 6, Ex. 1.

Similarly, in ground four of his habeas petition, Petitioner claims that trial counsel provided ineffective assistance when he (1) failed to object to the prosecutor's argument that Petitioner

stomped on the victim's head, (2) only objected to one of the many post-mortem photos displayed before the jury, (3) failed to show the jury photographs of Petitioner's hands and his co-defendant's hands taken at the time of their arrest to support Petitioner's argument that his co-defendant had greater involvement, and (4) failed to argue that Petitioner was being framed by the witnesses who testified against him. See Dkt. # 1. On direct appeal, Petitioner complained that defense counsel failed to object "to the introduction of numerous prejudicial photographs and the numerous instances of prosecutorial misconduct" as described in Propositions IV and V of the direct appeal brief. See Dkt. # 6, Ex. 1 at 41. Petitioner's second allegation of ineffective assistance of counsel was raised on direct appeal and is exhausted. However, as indicated above, Petitioner did not allege that the prosecutor improperly argued that Petitioner stomped on the victim's head. Therefore, his first allegation of ineffective assistance of counsel is unexhausted. Similarly, his third and fourth allegations of ineffective assistance of counsel were not presented on direct appeal and are unexhausted. Thus, Petitioner's allegations of ineffective assistance of counsel numbered 1, 3, and 4 were not raised in Proposition VI on direct appeal and are unexhausted. See Dkt. # 6, Ex. 1.

To summarize, the claims identified by Petitioner in ground two and parts 1, 3, and 4 of ground four of the petition are unexhausted; the claims identified in grounds one, three, five, and part 2 of ground four are exhausted. Furthermore, Petitioner has an available remedy for his unexhausted claims, an application for post-conviction relief. Therefore, the instant petition is a "mixed petition," containing both exhausted claims and unexhausted claims, and is subject to dismissal without prejudice. Lundy, 455 U.S. at 522 (holding that a federal district court must dismiss a habeas corpus petition containing exhausted and unexhausted grounds for relief).

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") in 1996 "dramatically altered the landscape for federal habeas corpus petitions" by preserving the "total exhaustion" requirement of Lundy, but at the same time imposing a one-year statute of limitations on the filing of federal petitions. Rhines v. Weber, 544 U.S. 269, 274 (2005). "As a result of the interplay between AEDPA's 1-year statue of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Id. at 275.

In the instant case, Petitioner filed his petition for writ of habeas corpus prior to expiration of the one-year limitations period. However, the pendency of this federal action does not serve to toll the limitations period, see Duncan v. Walker, 533 U.S. 167, 181-182 (2001) (holding that the statue of limitations is not tolled during the pendency of a federal petition), if the Court were to dismiss this petition, Petitioner may be precluded from returning to federal court after exhausting his claims by the § 2244(d) limitations period.[1]

The Court has discretion to issue a stay in this matter while Petitioner returns to state court to exhaust his claims. Rhines, 544 U.S. at 276. However, the Court finds that course of action is unwarranted in this case. "Stay and abeyance is only appropriate when the district court determines

---

[1]Petitioner's conviction became final for purposes of the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1)(A), on July 7, 2010, or 90 days after the OCCA affirmed his conviction on direct appeal on April 8, 2010, when the period for seeking *certiorari* review in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). Therefore, in the absence of statutory or equitable tolling, Petitioner's one year limitations period began to run on July 8, 2010, and his deadline for filing a timely petition for writ of habeas corpus was July 8, 2011. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). The petition in this case was filed April 4, 2011, or before the deadline. However, the deadline has now passed. As a result, if this Court were to dismiss this petition, any effort by Petitioner to return to federal court after exhausting state remedies may be time-barred since the one-year limitations period has expired during the pendency of this action.

there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277. Petitioner did not file a response to the motion to dismiss and offers no explanation for his failure to exhaust his claims in state court prior to raising them in his habeas petition. See Dkt. # 1. Petitioner has failed to demonstrate "good cause" for his failure to exhaust each of his claims in state court prior to filing his federal petition. For that reason, the Court declines to stay this action.

Although a "stay and abeyance" is not warranted in this case, the Court will afford Petitioner the opportunity to amend his petition to delete the unexhausted claims and to proceed with the exhausted claims. See Rhines, 544 U.S. at 278. Therefore, if Petitioner wishes to proceed at this time with only his exhausted claims, i.e., those claims identified in the petition that were raised on direct appeal, he may, within twenty-one (21) days of the entry of this Order, file an amended petition raising only his exhausted claims and deleting his unexhausted claims. If Petitioner fails to file an amended petition within twenty-one (21) days of the entry of this order, the Court will enter an order granting Respondent's motion to dismiss and dismissing this action in its entirety without prejudice for failure to exhaust state remedies.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.  Petitioner's petition is a "mixed petition," containing both exhausted and unexhausted claims, and is subject to dismissal in its current form.

2.  Within twenty-one (21) days of the entry of this Order, Petitioner may file an amended petition containing only exhausted claims and deleting the unexhausted claims, as identified herein. If Petitioner files an amended petition deleting his unexhausted claims, Respondent's motion to dismiss will be declared moot.

3.  Should Petitioner fail to file an amended petition within twenty-one (21) days of the entry of this Order, the Court will enter an Order granting Respondent's motion to dismiss and dismissing the petition for a writ of habeas corpus without prejudice for failure to exhaust state remedies.

    **DATED** this 24th day of August, 2011.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT